Edwin D. **ZOLLINGER**, Plaintiff,

v.

The **PITTSBURGH AND LAKE ERIE RAILROAD COMPANY**, a corporation, Defendant.

Civ. A. No. 71–131.

United States District Court,
W. D. Pennsylvania.

March 1, 1972.

Thomas Park Shearer, Pittsburgh, Pa., C. Richard Grieser, Columbus, Ohio, for plaintiff.

G. Edward Yurcon, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

WEBER, District Judge.

The parties to this FELA action are in dispute as to whether a device known as a "push-pole" comes within the ambit of "appurtenances" as intended by the Boiler Inspection Act, 45 U.S.C.A. § 22 et seq. The plaintiff was injured when the push-pole snapped during a "poling" operation. A motion for a ruling on this question as the law of the case was made at the Pretrial Conference. The facts are not in dispute.

The poling of a car is done by adjusting a heavy piece of timber called a push-pole, with one end on and against the front of the engine and the other against the car to be moved, then starting the engine forward, thereby pushing the car by the pole . . . Poling is resorted to for moving a car that is on a different track from that occupied by the engine. Howard v. Chesapeake & O. Ry. Co., 90 S.W. 950, 28 Ky.Law Rep. 891 [1906].

Our research has not revealed any case directly on point, viz., whether the push-pole is an appurtenance within the meaning of the Boiler Inspection Act. A case closely analogous to this present action, however, is Southern Ry. Co. v. Bryan, 375 F.2d 155 [C.A.5, 1967].

In that case, a railroad employee was injured while attempting to re-rail an overturned locomotive. The crew had two boom cars to lift the wrecked engine back onto the track. Cables from the boom cars were attached by means of a clevis to the lifting eye or metal bracket provided for that purpose on each end of the locomotive. . . . The lifting eye on the rear broke while the locomotive was suspended in the air, with the result

that the loosened cable backlashed and a piece of its attaching apparatus hit the employee, injuring him.

The Circuit Court held that the employee did not have to show the existence of a defect, that the employee's burden of establishing liability was discharged when it was proved that he suffered injuries as a proximate result of the failure of the lifting bracket to perform properly. This holding affirmed the trial court's ruling that the eye was an appurtenance within the Boiler Inspection Act, as well as the trial court's charge to the jury that liability was established as a matter of law.

It appears that all engines and cars have brackets into which the push-pole is seated, the engine has a storage space for the pole, and although not all locomotives have poles on them, the pole was stored on the engine in the instant case. Employing the push-pole to move a standing car on an adjacent track is an integral part of its use, and this type of pole has been commonly used for this specific operation since at least 1906, the date of the *Howard* case. This last factor distinguishes Southern Ry. Co. v. Lunsford, 297 U.S. 398, 56 S.Ct. 504, 80 L.Ed 740 [1936], cited by defendant, in which the device in question was new and experimental, designated as a "gadget" by the court.

In light of the holdings that federal safety laws must be liberally construed to carry out their remedial and humanitarian purposes (see, e. g., Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 [1948]), we conclude that the push-pole is a part or appurtenance within the meaning of 45 U.S.C.A. § 23. Subject to the caveat that there is a showing that the pole failed during normal use and that the facts establish the required causal nexus between the violation of the Boiler Inspection Act and the employee's injuries, this court will instruct the jury that liability is established as a matter of law.